UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHELBY JONES,

    Plaintiff,

v.

FOSTER AND MONROE, LLC,

    Defendant.

21-mc-58 (JLS)

---

### DECISION AND ORDER

Plaintiff Shelby Jones moved for an award of attorneys' fees and costs against Defendant Foster and Monroe, LLC, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(3). Dkt. 12. For the reasons, Plaintiff's motion is granted.

On June 3, 2021, Plaintiff obtained a default judgment against Defendant in the United States District Court for the Southern District of Texas. *See* Dkt. 1. Plaintiff was awarded $1,000 in statutory damages, plus $4,750.00 in attorneys' fees, pursuant to section 1692k(a) of the FDCPA. *See id.* at 2. Plaintiff's counsel, Jeffrey Wood, was unable to collect the judgment in the Southern District of Texas. *See* Dkt. 12-1 ¶ 3. Wood then sought the assistance of Hilton Parker LLC to collect the judgment in this District. *See id.* ¶ 4.

On November 19, 2021, Plaintiff, through counsel at Hilton Parker LLC, registered the judgment with this Court. Dkt. 1. Plaintiff was able to collect on the

judgment, and on December 26, 2022, Plaintiff moved for attorneys' fees and costs associated with Hilton Parker LLC's efforts to collect on the judgment. *See* Dkt. 12.

## DISCUSSION

The FDCPA "provides for the recovery of reasonable attorneys' fees and costs by successful litigants." *Hopple v. Cap. Link Mgmt., LLC*, No. 21-CV-805S, 2023 WL 8824959, at *1 (W.D.N.Y. Dec. 21, 2023); *see* 15 U.S.C. § 1692k(a)(3). Courts have "broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Eades v. Kennedy, PC. L. Offs.*, 343 F. Supp. 3d 104, 106–07 (W.D.N.Y. 2018). Relevant considerations include:

> the complexity and difficulty of the case, the expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting pro bono, and the other benefits expected by the attorney as a result of the representation.

*Id.* at 107.

Here, Plaintiff seeks to recover for 4.0 hours of attorney work, 4.3 hours of paralegal work, and $136.02 in costs. *See* Dkt. 12-2, at 2–3. Those time and financial expenditures are appropriate, given the circumstances of the case.

Plaintiff's attorney, Jonathan Hilton, a partner at Hilton Parker LLC, requests a $350 hourly rate for himself, a $50 hourly rate for paralegal Stella Moreno, and a $100 hourly rate for paralegal Katelyn Mohler—for a total of $1,730 in fees. *See* Dkt. 12, at 4; Dkt. 12-1 ¶¶ 9, 16–17; Dkt. 12-2, at 2. The $350 hourly rate for Mr. Hilton, while high, is not unreasonable given inflation and the effort

necessary to collect Plaintiff's judgment in this case. *See Munoz v. Costal Cap. Processing, LLC*, No. 1:19-cv-01312-WMS-LGF, 2022 WL 17068004, at *4 (W.D.N.Y. Nov. 17, 2022) (finding a $330 hourly rate for Mr. Hilton appropriate "given the delays caused by Defendant's conduct"). And the $50 hourly rate for Ms. Moreno is what is typically awarded for paralegal work in this District. *See, e.g.*, *Hopple*, 2023 WL 8824959, at *2; *Munoz*, 2022 WL 17068004, at *4.

The $100 hourly rate for Ms. Mohler is appropriate. A $110 hourly rate has been deemed appropriate for both a student law clerk and, on at least one occasion, a paralegal. *See Munoz*, 2022 WL 17068004, at *4; *Buffalo Transp., Inc. v. Frezer Bezu*, No. 16CV1032V, 2020 WL 1695556, at *5 (W.D.N.Y. Feb. 19, 2020) ("[P]aralegal Amy Albright billed at an hourly rate of $110 per hour and law clerk Michael Altman (soon to be admitted to practice) billed at a rate of $110 per hour. These rates are consistent with rates recently upheld for recovery for legal services.") (internal citations omitted), *report and recommendation adopted*, No. 16-CV-1032, 2020 WL 1694714 (W.D.N.Y. Apr. 7, 2020). Neither an experienced paralegal nor a relatively inexperienced law clerk has a license to practice law, so there is no reason to reduce Ms. Mohler's rate based on her title alone. As such, Ms. Mohler's $100 hourly rate is appropriate.

## CONCLUSION

For the reasons above, Plaintiff's motion for attorneys' fees (Dkt. 12) is GRANTED. The Court hereby awards Plaintiff $1,730 in attorneys' fees and $136.02 in costs—for a total judgment of $1,866.02. The Clerk of the Court shall enter judgment against Defendant Foster and Monroe, LLC, accordingly.

SO ORDERED.

Dated:   August 2, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE